**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Linda Weirick, | No. CV-17-03817-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Attorney's Motion for Attorney's Fees under 42 U.S.C. § 406(b) of the Social Security Act. (Doc. 39). The government filed a response offering an analysis to assist this Court. (Doc. 40). After this Court ordered supplemental briefing on August 30, 2021, (Doc. 41), Plaintiff's counsel filed another brief in support of the motion. (Doc. 44). The Court now rules.

## I.      BACKGROUND

Following denials at the administrative level, Plaintiff filed this action seeking judicial review of the Commissioner's final decision. (Doc. 39 at 2). The District Court affirmed the Commissioner's decision. (*Id.*). Upon appeal, the Ninth Circuit remanded for an award of benefits. (*Id.* at 3). Thereafter, the Commissioner issued a Notice of Award in the amount of $128,728.00 for past-due benefits and indicated that a total of $32,182.00 had been withheld for payment of attorney's fees.

Plaintiff's counsel seeks a total fee award of $50,682.00, equal to 25% of Plaintiff's back pay ($32,182.00), plus $18,500.00 in fees under the Equal Access to Justice Act

1  (EAJA). (*Id.* at 3). For the following reasons, the Court will grant Plaintiff's motion

2  requesting fees in the amount of $32,182.00.

3  **II.    APPLICABLE LAW AND ANALYSIS**

4        Sections 406(a) and 406(b) of the Social Security Act provide for the award of

5  attorney's fees out of the past-due benefits recovered by a successful claimant in a Social

6  Security action. 42 U.S.C. § 406(a) allows counsel to seek a legal fee up to 25% of the back

7  pay from the Commissioner of Social Security. Likewise, 42 U.S.C. § 406(b) permits the

8  court to award a reasonable fee to plaintiff's counsel, not to exceed 25%. The 25% caps on

9  attorney fees are at the agency level and the court level respectively; in other words, there

10 is not a 25% cap on aggregate fees awarded under § 406(a) and § 406(b). *See Culbertson*

11 *v. Berryhill*, 139 S. Ct. 517, 522–24 (2019).

12       To determine a reasonable fee to plaintiff's counsel, the Supreme Court held that

13 §406(b) "does not displace contingent-fee agreements," but calls for courts to provide an

14 "independent check, to assure that they yield reasonable results in particular cases."

15 *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court also said that "[a]greements

16 are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-

17 due benefits." *Id.* (citing 42 U.S.C. § 406(b)(1)(A)) (footnote omitted).

18       In determining whether fees sought under § 406(b) are reasonable, the court

19 considers the contingent-fee agreement, the character of the attorney's representation, and

20 the results achieved. *Id.* at 808. Courts may also consider the number of hours spent

21 representing the claimant and the lawyer's normal hourly billing rate for non-contingent-

22 fee cases, but this information does not control the reasonableness determination. *Id.* at

23 808–09. Finally, if a claimant's attorney receives fees under both the EAJA and § 406(b),

24 the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation

25 omitted).

26       Plaintiff contracted to pay 25% of past-due benefits on a contingent fee basis for

27 work performed at the agency level and an additional 25% for the work performed at the

28 Federal Court level. (Doc. 39-1 at 9–10). In its previous Order, (Doc. 41 at 2), the Court

expressed concern "that the letter did not make clear that the total fees ultimately charged may exceed 25%." (*Id*.). Given those concerns, the Court allowed the government or Plaintiff to file a response to counsel's supplement. (*Id*.). Neither of them did. Because Plaintiff did not file a response, the Court concludes that the Plaintiff does not object to the fee agreement or counsel's requested fee award.

Applying the *Gisbrecht* factors, the fee requested here is reasonable. Plaintiff's counsel seeks $32,182.00 or 25% of the past-due amount awarded to Plaintiff. Counsel's itemization of services indicates 100.1 hours of services rendered. (Doc. 44-1 at 5). Based on the hours expended, 406(b) fees would be computed at $321.82 per hour. This amount is in line with approved effective hourly rates by the Ninth Circuit. *Young v. Colvin*, 2014 WL 590335, at *1 (D. Ariz. Feb. 14, 2014).

On the instant record, there is no indication of any substandard performance by Plaintiff's counsel. Counsel successfully convinced the Ninth Circuit that Plaintiff was eligible for benefits. There is also no indication of substandard performance or undue delay in prosecuting Plaintiff's case. *Crawford*, 586 F.3d at 1151. Thus, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $32,182.00 is reasonable.

### III.   CONCLUSION

Therefore,

**IT IS ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney's Fees under 42 U.S.C. § 406(b) (Doc. 39) is **GRANTED** in the amount of $32,182.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff the fee previously awarded under the Equal Access to Justice Act, in the amount of $18,500.00.

Dated this 23rd day of November, 2021.

James A. Teilborg
Senior United States District Judge